UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ROBERT KEENER,

        Petitioner,                     Case No. 23-cv-10260

v.                                         Paul D. Borman
                                           United States District Judge

JONATHAN HEMINGWAY,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2241. Federal prisoner Ryan Robert Keener ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, challenges the calculation of his federal sentence and his custody classification, the fact of his confinement, and the conditions of his confinement in prison. (ECF No. 1.)

**II.**

After the filing of a habeas corpus petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C.

§ 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, a court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, the Court concludes that the habeas corpus petition in this case must be dismissed.

**III.**

Petitioner first seeks habeas relief under 28 U.S.C. § 2241 because he is challenging "the improper calculations of [his] First Step Act eligibility, First Step Act good time calculation, First Step Act recidivism risk assessment calculation, and male custody classification form." (ECF No. 1, PageID.1.)

It is well-settled that federal prisoners must exhaust administrative remedies

prior to filing a habeas petition under § 2241. *United States v. Wilson*, 503 U.S. 329, 334-36 (1992); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). Exhaustion is an affirmative defense, and a district court may not dismiss a § 2241 petition at the screening stage for failure to plead exhaustion or to attach exhibits with proof of exhaustion. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). A district court, however, may sua sponte summarily dismiss such a petition on exhaustion grounds where a petitioner's failure to exhaust is apparent on the face of the pleading itself. *See Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (civil rights case); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, *2 (6th Cir. Dec. 11, 2020) (denying a certificate of appealability where the district court summarily dismissed a § 2254 petition on exhaustion grounds); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, *1 (6th Cir. July 17, 2017) (citing cases and affirming summary dismissal of § 2241 petition on exhaustion grounds).

The Bureau of Prisons has a multi-tiered administrative grievance process. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the warden's response, the prisoner can file a BP-10 Form to appeal to the Regional Director, who

has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, the prisoner can file a BP-11 Form to appeal to the General Counsel at the Central Office, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18.

In this case, Petitioner states that he "appealed" to his "case manager, unit manager, case counselor, and assistant warden of operations" and has not received a response or any corrections. (ECF No. 1, PageID.1.) The record thus indicates that Petitioner has made an informal attempt to obtain relief on his claims, but has not instituted the formal administrative process nor fully exhausted his available administrative remedies. While Petitioner may be frustrated by prison officials' failure to respond to his informal requests, he cannot abandon the process or fail to pursue formal administrative remedies. Petitioner must complete the established administrative process, or at least attempt to do so, before seeking federal habeas relief under § 2241. His habeas petition is premature.

Additionally, even if the Court were to excuse the exhaustion requirement, Petitioner's habeas petition is insufficient to proceed. Pro se pleadings filed by prisoners are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, even a pro se prisoner's habeas petition must set forth a claim upon which federal habeas relief may be granted. *See* Fed. R. Civ. P. 8 (providing that a

complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also* Rule 2(c) and (d) of the Rules Governing Section 2254 Cases (providing that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted); *see also Perez*, 157 F. Supp. 2d at 796 (a habeas corpus petition "must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

    Petitioner fails to meet such pleading standards. His habeas corpus petition does not include any facts showing that his sentence is being improperly calculated by prison officials, that his classification is improper, or to otherwise support his claim that he is entitled to relief under the First Step Act or other federal law. Such a vague and conclusory petition fails to comply with the federal rules governing habeas cases and civil procedure. Conclusory allegations are insufficient to warrant federal habeas relief. *See, e.g., Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations are insufficient to warrant an evidentiary hearing on habeas review). Petitioner's habeas corpus

5

petition is insufficient on its face and must be dismissed.

### IV.

Petitioner also seeks relief under 28 U.S.C. § 2241 claiming that he has "diplomatic immunity" and is "wrongfully imprisoned" and declaring that he does not consent to being held in custody. (ECF No. 1, PageID.2-3.)

Such claims, however, concern the validity of his federal criminal conviction and sentence. A motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles*, 180 F.3d at 758.

The burden of showing that the remedy afforded under § 2255 is inadequate or

6

ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. The possibility that Petitioner may not be able to satisfy the procedural requirements under § 2255 does not mean that he should be allowed to proceed under § 2241. *See Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."). Moreover, § 2255 allows a defendant to seek relief based upon a change in the law and to bring a second or successive motion under limited circumstances. The remedy provided by § 2241 is not an additional, alternative, or supplemental remedy to that provided by § 2255. *Charles*, 180 F.3d at 758.

Petitioner neither alleges nor establishes that his remedy under § 2255 is inadequate or ineffective. The record before this Court does not show that Petitioner

has filed a motion to vacate sentence under § 2255 with the federal trial court (or a direct appeal with the Sixth Circuit). *See* Ct. Dkt., *United States v. Keener*, No. 4:21-cr-20330 (E.D. Mich.) (Davis, J.). Petitioner must first seek relief under § 2255 with the federal trial court before proceeding under § 2241. *See Capaldi*, 135 F.3d at 1124; *see also Copeland v. Hemingway*, 36 F. App'x 793, 794-95 (6th Cir. 2002). Petitioner fails to establish that his remedy under § 2255 is inadequate or ineffective. He is thus not entitled to proceed or obtain relief under § 2241.

## V.

Lastly, Petitioner asserts that his rights are being violated by the warden and challenges the conditions of his confinement while in prison, including lock downs, his personal and legal property being confiscated, his access to various privileges restricted, and claims regarding recreation, the law library, proper diet and hygiene, stationary, stamps, mail, and medical and dental care. (ECF No. 1, PageID.3-4.)

A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Habeas relief is generally not available to prisoners who complain of mistreatment during their legal incarceration. *See Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). A petition under § 2241 can be used to challenge "alleged unconstitutional conditions of ... confinement

[which] can be remedied only by release[.]" *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020). Claims concerning conditions of confinement which can be remedied by improved prison conditions are not cognizable in a habeas corpus action under 28 U.S.C. §§ 2241 or 2254. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004)); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits"); *see also Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Rather, such claims are more properly brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 484; *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Luedtke*, 704 F.3d at 466 (dismissing § 2241 claim without prejudice to the petitioner filing a *Bivens* action); *see also Solano-Moreta v. Federal Bureau of Prisons*, No. 17-1019, 2018 WL 6982510 (6th Cir. Sept. 24, 2018).

Petitioner's allegations about his conditions of confinement involved matters which can be remedied by improved prison conditions. Consequently, he fails to state a claim upon which habeas relief may be granted under § 2241 as to such claims and his habeas corpus petition must be dismissed. This dismissal is without prejudice to

the filing of a civil rights action.

## VI.

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas corpus relief on his claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Petition for a writ of habeas corpus.

Lastly, a certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) ("The [federal statutory provision requiring a certificate of appealability] does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process."). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision. This case is closed.

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
United States District Judge

Dated: March 1, 2023